# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KENNTH P. D'ANGELO and RBF International Inc.,

    Defendants.

Civil Action No. CV03-6499 (CAS)

Hon. Christina A. Snyder

Hearing Date: None

## **FINAL JUDGMENT**

    The Securities and Exchange Commission ("Commission"), having filed a Complaint; and Defendants Kenneth P. D'Angelo and RBF International, Inc. ("Defendants"), having in the Consent and Undertakings of Kenneth P. D'Angelo and Consent and Undertakings of RBF International, Inc. of May 20, 2004, entered a general appearance, consented to the Court's jurisdiction over Defendants and the subject matter of this action; and this Court having entered its Partial Judgment of Permanent Injunction and Other Relief as to Defendants

Kenneth P. D'Angelo and RBF International, Inc. on May 24, 2004 which resolved all issues between the parties except those related to the determination of the appropriate amount of disgorgement and civil penalties; and Defendants having consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $4.8 million, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4.8 million, for a total of $9.6 million. Based on Defendant Kenneth P. D'Angelo's sworn representations in his Statement of Financial Condition dated October 12, 2010, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant Kenneth P. D'Angelo's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant Kenneth P. D'Angelo's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay the disgorgement and pre-judgment interest thereon, and the maximum civil penalty allowable under the law. Defendant shall also pay post-judgment interest on any delinquent amounts

pursuant to 28 USC § 1961.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Kenneth P. D'Angelo was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendants may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## II.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  May 9, 2011

_____
UNITED STATES DISTRICT JUDGE